IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                                                 Civil Action No. **3:11CV651**

VA. PAROLE BOARD,

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (*citing Bell Atl. Corp.,* 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

McCoy alleges:

> I petitioned the governor for a pardon in June of 2010, due to the conditions of my confinement. It was supposed to be investigated by the VA. Parole Board. But the VA. Parole Board is part of D.O.C. so they lied & said my confinement is not serious in any way therefore keeping me in a hindering & harmful state/situation/condition. [It is] VA. Parole Board/VA. D.O.C.'s fault. These people are inhumane very sick/cruel. They'll do/say anything to watch me suffer. Thus I am suffering.

(Compl. 5.)[1] McCoy requests to be moved to a different prison. McCoy names "VA. Parole Board" as the sole defendant. (*Id.* at 1.)

### Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the

---

[1] The Court has corrected the capitalization in the quotations to McCoy's complaint.

2

> United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The "VA. Parole Board" (Compl. 1) is not a person within the meaning of 42 U.S.C. § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Furthermore, McCoy has not alleged facts that plausibly suggest any person violated his constitutional rights. *See Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) (holding that "an inmate has 'no constitutional or inherent right' to commutation of his sentence"); *id.* at 465 (holding that a "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope") (footnote and citation omitted); *Burnette v. Fahey*, No. 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) (citing cases for the proposition that Virginia inmates do not enjoy a a protected liberty interest in parole release); *Waters v. Bass*, 304 F. Supp. 2d 802, 805 (E.D. Va. 2004) (citing cases for "the well-established principle that an inmate has no constitutional right to be housed in any particular prison"). Accordingly, it is RECOMMENDED that the action be dismissed for failure to state a claim.

(April 10, 2012 Report and Recommendation (alterations in original).) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the *district judge to* focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Plaintiff's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-22-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge